# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JUDITH MANN,<br><br>      **Plaintiff,**<br><br>v.<br><br>IRAM AGHA SIRAJUDDIN,<br><br>      **Defendant.** | Case No. 17-2434-JAR-GLR |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion to Transfer this Action to Wichita, Kansas for Docketing, Maintenance, and Jury Trial (ECF 16). Plaintiff filed this case on July 31, 2017, designating Kansas City as the place of trial.[1] Defendant filed her answer on September 26, 2017, designating Wichita as the place of trial.[2] On January 26, 2018, Defendant filed her motion requesting trial in this case be held in Wichita, Kansas. In support of her request, Defendant states she is a resident of Wichita, the accident which is the subject of Plaintiff's claim occurred in Wichita, both Plaintiff's and Defendant's counsel are located in Wichita, and the majority of witnesses and evidence are in Wichita. Plaintiff states in her complaint that she is a resident of Wisconsin.[3] Under D. Kan. Rule 6.1(d)(1), Plaintiff's response to Defendant's motion was due February 9, 2018. At this time, Plaintiff has failed to respond. "If a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice."[4] However, the Court has considered Defendant's request

---

[1] ECF 1 at 4.
[2] ECF 7 at 3.
[3] *Id.* at 1.
[4] D. Kan. Rule 7.4(b).

and, for the reasons explained below, finds her motion should be granted in part as it relates to trial, and denied in part as it relates to docketing and maintenance.

Under D. Kan. Rule 40.2(e), "[t]he court is not bound by the requests for place of trial. It may determine the place of trial upon motion or in its discretion." In considering motions for intra-district transfer, the courts of this district look to the factors relevant to change of venue motions under 28 U.S.C. § 1404(a).[5] Under this statute, "a district court may transfer any civil action to any other district or division where it might have been brought" for the convenience of parties and witnesses.[6] The Court recognizes that this statute is inapplicable on its face in that Kansas comprises only one judicial district and division. However, 28 U.S.C. § 1404(c) provides that "[a] district court may order any civil action to be tried at any place within the division in which it is pending."

In evaluating a transfer under 28 U.S.C. § 1404(a), the Court considers (1) the plaintiff's choice of forum; (2) convenience of witnesses; (3) accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) "all other considerations of a practical nature that make a trial easy, expeditious, and economical."[7] The moving party carries the burden to show the Court that the current location is inconvenient.[8] Although a plaintiff's choice of forum is rarely disturbed, the plaintiff's forum choice "receives little deference when, as here, the plaintiff does not reside there."[9]

---

[5] *See Llizo v. City of Topeka, Kan.*, 844 F. Supp. 2d 1212, 1214 (D. Kan. 2012); *Aramburu v. Boeing Co.*, 896 F. Supp. 1063, 1064 (D. Kan. 1995); *Skepnek v. Roper & Twardowsky, LLC*, No. 11-4102-DDC-JPO, 2015 WL 10246976, at *1 (D. Kan. Aug. 27, 2015).
[6] 28 U.S.C. § 1404(a).
[7] *Skepnek v. Roper & Twardowsky, LLC*, No. 11-4102-DDC-JPO, 2015 WL 10246976, at *1 (Aug. 27, 2015) (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515–16 (10th Cir. 1991)).
[8] *Id.*
[9] *Callahan v. Bledsoe*, No. 16-2310-JAR-GLR, 2017 WL 1303269, at *2 (D. Kan. Apr. 6, 2017) (internal citations omitted).

In this case, though Plaintiff designated Kansas City as the place of trial, the Court does not give much deference to this factor because Plaintiff resides in Wisconsin. "Although the court considers the plaintiff's choice of forum as a factor, 'it is not a significantly more weighty factor than any of the other factors considered here, particularly when the forum's connection to the case is obscure and the forum's connection to the plaintiff is even more so.'"[10] In addition, "courts have given little weight to a plaintiff's choice of forum 'where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum.'"[11] Here, Plaintiff resides in Wisconsin and Defendant resides in Wichita. The accident on which this action is based occurred in Wichita. There is no indication from Plaintiff's Complaint that this case has any connection to Kansas City, and Plaintiff has not responded to the present motion to provide any connection to Kansas City.

When the weight of the plaintiff's choice of forum is reduced, "'[t]he relative convenience of the forum is a primary, if not the most important, factor to consider in deciding a motion to transfer.'"[12] The accident giving rise to this action occurred in Wichita, and Defendant states most witnesses and evidence are in Wichita. Plaintiff has not responded with any argument to the contrary. Defense counsel and Plaintiff's counsel are also located in Wichita. Additionally, Defendant designated Wichita as the place for jury trial in her answer.[13]

Finally, although Defendant did not suggest she cannot obtain a fair trial in Kansas City, all other considerations of economy and convenience weigh in favor of transferring venue to Wichita for the trial. At this time it does not appear to the Court that there is any connection

---

[10] *Smith v. Staffmark Temp. Agency*, No. 07-2089-CM-GLR, 2007 WL 2436669, at *1 (D. Kan. Aug. 22, 2007) (quoting *Spires v. Hosp. Corp. of Am.*, No. 06-2137-JWL, 2006 WL 1642701, at *3 (D. Kan. June 8, 2006)).
[11] *McDermed v. Marian Clinic, Inc.*, No. 14-2194-EFM-KMH, 2014 WL 6819407, at *2 (D. Kan. Dec. 2, 2014) (quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F.Supp. 667, 669 (D. Kan. 1993)).
[12] *McIntosh v. City of Wichita, Kan.*, No. 14-2402-DDC-TJJ, 2015 WL 1646402, at *2 (D. Kan. Apr. 14, 2015) (quoting *Menefee v. Zepick*, No. 09-2127-JWL, 2009 WL 1313236, at *2 (D. Kan. May 12, 2009)).
[13] ECF 7 at 3.

between this case and Kansas City.  Accordingly, Kansas City appears to be "an inconvenient venue."[14]  Therefore, the Court finds Defendant's motion should be sustained as it relates to the transfer of trial to Wichita.

The Court denies the motion as it relates to docketing and maintenance.  The location of a case for docketing and maintenance is subject to the discretion of the Clerk of the Court at the direction of the Court.  For purposes of docketing, all filings are done electronically, so it does not matter whether the case is for trial in Kansas City or Wichita.[15]  "Further, in this district, most pretrial proceedings in civil cases, including discovery disputes, are conducted by phone."[16]  Therefore, "it is inconsequential whether docketing and maintenance is completed in Kansas City."[17]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Transfer this Action to Wichita, Kansas for Docketing, Maintenance, and Jury Trial (ECF 16) is **granted in part**.  The place of trial of this case will be in Wichita, Kansas.  The motion is otherwise **denied**.

Dated February 15, 2018, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge

---

[14] *McDermed*, 2014 WL 6819407, at *2.
[15] *Callahan*, 2017 WL 1303269, at *2.
[16] *Id.*
[17] *Id.*